MASSENGALE *v.* TAYLOR, A MINOR, et al.

No. 42612          March 18, 1963          150 So. 2d 859

J. K. *Travis*, E. J. *Currie*, Hattiesburg, for appellant.

P. D. Greaves, Gulfport, for appellees.

GILLESPIE, J.

Appellant was plaintiff below and appealed from a judgment for appellees, defendants below. Appellant sued appellees for personal injuries arising out of an automobile collision between appellant's automobile and one driven by Frank M. Taylor. **(Hn 1)** Since the jury returned a verdict in favor of the appellees, the facts must be stated in the light most favorable to appellees.

Appellee Frank M. Taylor was operating a Pontiac automobile for and on behalf of his parents, Mr. and Mrs. Frank N. Taylor. He was going south on U. S. Highway 49 about ten miles south of Hattiesburg. About 1500 feet before he reached the intersection of U. S.

Highway 49, which runs north and south, and Lake Shelby Road, which runs east and west, Frank M. Taylor was traveling about 55 miles per hour and passed another automobile. In passing the other automobile, Taylor moved into the easternmost of the two southbound lanes. At about 1000 feet before reaching the aforesaid intersection, he passed a sign indicating that the Lake Shelby entrance was 1000 feet ahead. He went down hill for several hundred feet, gaining some speed as he did so, but lost speed as he ascended toward the intersection of the Lake Shelby Road. When he got to a point about eighty feet north of the Lake Shelby Road intersection, an Oldsmobile being driven by appellant entered onto the highway. At that time Taylor was moving from the easternmost southbound lane to the right, or westernmost lane. When he saw appellant's car approaching from the west, the Oldsmobile was within about three feet of the pavement; it came from behind an embankment that obscured its vision as it approached U. S. Highway 49. Taylor immediately applied his brakes and they became effective so as to skid his wheels beginning about forty feet north of appellant's automobile.

When appellant saw the Taylor automobile coming from the north about the time she reached the western edge of the pavement, she immediately stopped her vehicle with the front end across the center of the two southbound lanes of U. S. Highway 49. The Taylor vehicle skidded slightly to its right into the westernmost lane and struck appellant's automobile on the left side, spinning it around one and a half times and throwing appellant out on the pavement. The Taylor Pontiac had slowed down to about twenty-five or thirty miles an hour at the time of the impact and moved about eight feet after striking appellant's automobile. Taylor was traveling about fifty-five miles an hour or less when appellant's automobile entered the intersection ahead of him. Tay-

lor did not blow his horn. Both drivers were familiar with the intersection.

We have carefully read the testimony of appellant and are of the opinion that the jury had a right to find that she drove up to the stop sign, which was on her right hand side as she approached Highway 49 traveling east on the Lake Shelby Road, and that she stopped about four feet before reaching the stop sign. She allowed one car to pass going south. She intended to cross the two southbound lanes of U. S. Highway 49, the neutral ground, and then turn north in one of the two northbound lanes of U. S. Highway 49 to go to Hattiesburg. When she stopped four feet west of the stop sign, she could not see whether an automobile was in the hollow to the north of the intersection on U.S. Highway 49 because of a sign, a high bank, and vegetation. She thereupon started toward the intersection and either did not look or failed to observe the Taylor car proceeding south toward the intersection. She saw the Taylor car when she was about the edge of the intersection and applied her brakes and stopped in the intersection as aforesaid.

Appellant argues that the verdict for the appellees is contrary to the law and evidence, was the result of bias and prejudice, and is against the overwhelming weight of the evidence. After a careful review of the testimony, we are of the opinion that this argument is not tenable. Emphasis is placed on the fact that the driver of the Taylor Pontiac knew he was approaching a blind intersection and did so at an unreasonable speed, but he was on a through highway and we cannot say as a matter of law that Taylor was negligent in driving 55 miles an hour or less as he approached this intersection.

It would not have accomplished anything of Taylor had blown his horn when he saw appellant's Oldsmobile entering the intersection ahead of him. Appellant knew

at that time that the Taylor vehicle was coming and it would not have accomplished anything to give any additional warning of the presence of the Taylor vehicle.

(Hn 2) We are of the opinion that the jury had a right to find that the sole proximate cause of the collision was the negligence of appellant in driving from a side road into a main thoroughfare at a time when the Taylor vehicle was so close to the intersection as to create a traffic hazard. (Hn 3) Under Sec. 1454, Miss. Code 1942, all questions of negligence and contributory negligence shall be for the jury to determine. This includes the question of proximate cause as well as negligence. We are unable to say, as we did in Williams v. Hood, 237 Miss. 355, 114 So. 2d 854, that the version of the facts as testified to by appellee Frank M. Taylor and his witnesses is inconsistant with the physical facts, or that the evidence showed overwhelmingly that Frank M. Taylor was guilty of negligence proximately contributing to the collision. We have carefully considered the cases cited by appellant in support of her argument that the verdict is against the overwhelming weight of the evidence and is contrary to the law and the evidence, but find none sufficiently close on the facts to require reversal. Even if appellant stopped at the stop sign, she was unable to see from that point whether vehicles were coming from the north, and she was required to exercise care and diligence in entering the through highway on which people are known to travel at high speeds. ". . . . common sense would dictate that no driver of an automobile should enter upon an intersection of a much-traveled highway without first ascertaining before it is too late as to the safety of the venture." Avent v. Tucker, 188 Miss. 207, 194 So. 595. The jury evidently found that appellant disregarded the foregoing admonition, and that such failure was the sole proximate cause of the accident, and in our opinion the evidence justified this conclusion.

Appellant also contends that the lower court erred in granting several instructions on behalf of appellees. Upon an examination of these instructions, together with all of the other instructions granted at the request of the parties, we are of the opinion that the jury was fairly instructed as to the law, and we are unable to say that there is any reversible error in the instructions.

This case was essentially one of fact for determination by the jury, and after a careful review of the entire record in the light of the verdict, we are unable to say that the verdict was not justified by the evidence.

Affirmed.

*Lee, P. J., and Kyle, Ethridge and Jones, JJ.,* concur.