438 F.2d 307
 Carlton L. HOMMEL, Plaintiff-Appellant,
v.
JACKSON-ATLANTIC, INC., a corporation, Defendant-Appellee.
Carlton L. HOMMEL and Dorothy O. Hommel (Carlton L. Hommel
substituted in the place and stead of Dorothy O.
Hommel, deceased), Plaintiffs-Appellants,
v.
JACKSON-ATLANTIC, INC., etc., Defendant-Appellee.
No. 30403 Summary Calendar.*
*Rule 18, 5 Cir. See, Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 10, 1971, Rehearing Denied March 10, 1971.
 
 James Garrett, Charles A. Stakely, Jr., Jesse M. Williams, III, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for plaintiffs-appellants.
 Thomas S. Lawson, Jr., Champ Lyons, Jr., William D. Coleman, Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for defendant-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this Alabama diversity action arising out of an automobile-truck collision, plaintiffs, Carlton L. Hommel and his wife Dorothy O. Hommel, appeal from a judgment entered upon a jury verdict for defendant, Jackson-Atlantic, Inc.[1] Plaintiffs complain that the District Court erred in granting defendant's motion for a directed verdict on the issue of wantonness and in excluding an exhibit offered by plaintiffs. They further assert that there is insufficient evidence to support the jury verdict on the other issues. We affirm.
 
 
 2
 The accident occurred on a two-lane highway near its intersection with Hance Mill Road in the small town of Snowdown, Alabama. Mr. Hommel, the driver of the car, with Mrs. Hommel, a front-seat passenger, was traveling in the north-bound lane of the highway. Just prior to the accident defendant's ice truck was following a large log truck in the south-bound lane. After plaintiffs passed through the intersection, defendant's truck turned left from behind the log truck, out of the south-bound lane and across plaintiffs' lane of traffic, resulting in the collision.
 
 
 3
 Plaintiffs, relying on Alabama law, urge that the trial judge committed reversible error in directing a verdict in favor of defendant on the issue of wantonness. But in diversity cases federal courts apply a federal rather than a state test in determining the sufficiency of evidence to create a jury question In Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365, 374-375, the test was stated as follows:
 
 
 4
 On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence-- not just that evidence which supports the non-mover's case-- but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n.o.v. should not be decided by which side had the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question.
 
 
 5
 While we follow the federal rule concerning the sufficiency of evidence to create a jury question, we are bound under Erie to apply the Alabama definition of wantonness.
 
 
 6
 In wantonness, the party doing the act of failing to act, is conscious of his conduct, and without having the intent to injure, is conscious, from his knowledge of existing circumstances and conditions, that his conduct will likely or probably result in injury.
 
 
 7
 Rosen v. Lawson, 1967, 281 Ala. 351, 202 So.2d 716, 720.
 
 
 8
 Plaintiffs maintain that since defendant's truckdriver could not have possibly seen over, under or through the log truck immediately in front of him, it was wanton conduct for him to trun left before the log truck had completely turned at the intersection or otherwise moved on to leave defendant's driver with a completely unobstructed view of all possible oncoming traffic. We disagree. There is no evidence that defendant's driver saw the Hommel car before he turned. Indeed, the evidence indicates that the driver switched on his left turn signals before he turned and that he saw several oncoming cars approaching and waited for them to pass. After they passed, he looked, saw nothing coming, and started to make his left turn. As he turned he looked to the right and still saw nothing coming. When he finally saw the Hommel car bearing down on him, it was too late to avoid the collision. Viewing the evidence under the Boeing test, we find no substantial evidence which would create a jury issue under the Alabama definition of wantonness.
 
 
 9
 Plaintiffs next argue that there was insufficient evidence to support the jury verdict. Since plaintiff failed to move for a directed verdict, he may not seek a review of this point on appeal. Centraal Stikstof Verkoopkanter, N.V. v. Walsh Stevedoring Co., 5 Cir. 1967, 380 F.2d 523, 528; Thomas v. Akin Equipment, Inc., 5 Cir. 1962, 309 F;2d 331; Pruett v. Marshall, 5 Cir. 1960, 283 F.2d 436, 438; Williams v. National Surety Corp., 5 Cir. 1958, 257 F.2d 771, 774; De Fonce Construction Co. v. Miami, 5 Cir. 1958, 256 F.2d 425, 427, cert. denied, 358 U.S. 875, 79 S.Ct. 115, 3 L.Ed.2d 105; Strickland v. Perry, 5 Cir. 1957, 244 F.2d 24, 25, cert. denied, 355 U.S. 847, 78 S.Ct. 72, 2 L.Ed.2d 56. Nor is this a case involving plain error which if not noticed would result in a miscarriage of justice. Centraal Strikstof Verkoopkanter, N.V. v. Walsh Stevedoring Co.,supra; De Fonce Construction Co. v. Miami, supra, 2B W. Barron and A. Holtzoff, Federal Practice and Procedure 1081, at 424-26 (Wright Ed. 1961).
 
 
 10
 Finally, plaintiffs urge that the court erred in refusing to admit into evidence a Manual on Uniform Traffic Control Devices for Streets and Highways, published by the United States Department of Commerce, Bureau of Public Roads, which was offered to show that it was the 'suggested and adopted regulation for traffic control signs' in Alabama. The court properly excluded the proffered manual since it was not properly authenticated. See Berry v. Robertson, 1970, 285 Ala. 623, 235 So.2d 657, 663; Police & Firemen's Insurance Association v. Mullins, 1953, 260 Ala. 173, 69 So.2d 261, 266; Dothan v. Hardy, 1939, 237 Ala. 603, 188 So. 264; Alabama Code title 7, 427, 428 (1960).
 
 The judgment is
 
 11
 Affirmed.
 
 ON PETITION FOR REHEARING
 
 12
 It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.
 
 
 13
 The District Court porperly excluded the plaintiffs' proffer of the Manual on Uniform Traffic Control Devices for Streets and Highways. It was not and could not have been authenticated because it was not a copy of a legislative act or other public record of the State of Alabama. Code of Alabama, Title 7, 427, 428. It obviously was not competent evidence to establish the legal effect of the road sign in question.
 
 
 
 [1]
 Subsequent to the filing of the Notice of Appeal Dorothy O. Hommel died and Carlton L. Hommel, as Executor, was substituted as plaintiff-appellant in her place