**Nicholas C. SCHEIB, Plaintiff–Appellant,**

v.

**WILLIAMS–McWILLIAMS CO., INC., et al., Defendants–Appellees.**

No. 80–3036
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 22, 1980.

Manard & Schoenberger, Kevin C. Schoenberger, New Orleans, La., for plaintiff–appellant.

Deutsch, Kerrigan & Stiles, Christopher Tompkins, New Orleans, La., for defendants–appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

Nicholas Scheib appeals an adverse jury verdict in his Jones Act, 46 U.S.C. § 688, and General Maritime Law claims in which he sought damages for personal injuries sustained when he attempted to disembark a dredge tender onto a quarterboat. We affirm.

Scheib, a seaman, was employed by defendant Williams–McWilliams Co., Inc., as the clerk on the dredge ARKANSAS which defendant operated in a canal near Morgan City, Louisiana. Scheib regularly crossed the canal in a dredge tender, the CONNIE, to reach the quarterboat servicing the dredge. On the morning of the accident the operator of the CONNIE picked up Scheib, crossed the canal, secured the CONNIE only at its starboard front bitt, and disembarked, leaving Scheib alone on the vessel. Scheib testified that while trying to disembark he fell, injuring himself. He asserted that the operator's absence and the operator's failure to secure the stern, combined with the excessively steep deck of the CONNIE, caused his fall.

The verdict was in the form of yes or no answers to specific interrogatories. The jury found: (1) that the CONNIE was not unseaworthy, (2) that the defendant was negligent, and (3) that defendant's negligence played no part in causing Scheib's injuries.

Scheib did not move for a directed verdict at close of defendant's case but he did seek a judgment n. o. v. and/or a new trial. Those motions were denied.[1]

Scheib complains that the district court erred in excluding certain evidence, and in its instructions to the jury. He further contends that the jury verdict is contrary to the law and the evidence.

### Excluded Evidence

█ Scheib objects to the exclusion of lay opinion testimony as to the seaworthiness of the CONNIE. Rule 701 of the Federal Rules of Evidence provides for the admission of certain lay testimony in the form of opinions or inferences. However, the ultimate decision on admissibility rests in the hands of the trial judge whose exercise of discretion in this regard will not be overturned absent clear abuse. *John Hancock Mutual Life Ins. Co. v. Dutton*, 585 F.2d 1289 (5th Cir. 1978); *Randolph v. Collectramatic, Inc.*, 590 F.2d 844 (10th Cir. 1979). Our review of the record discloses no abuse of this discretion. There was evidence admitted concerning the allegedly dangerous aspects of the CONNIE's design. Before defense counsel could object, the appellant expressed his belief that the CONNIE was dangerous. The judge later admonished the jury to disregard the remark. Scheib tendered an expert witness on naval architecture who testified that the sheer of the forward deck was excessive and that a guardrail or handrail should have been provided. While others, such as the plaintiff's brother and various experienced deckhands and vessel operators, were not allowed to give opinions on the dangerous state of the CONNIE, they did testify about a number of slips and falls which had occurred on the deck. Taken together, there was sufficient evidence presented upon which the jury could make an informed decision.

█ Scheib also assigns as reversible error the trial judge's exclusion of expert testimony offered to prove that his future wages would have increased faster than the rate of inflation. The admission or exclusion of expert testimony is also within the discretion of the trial judge and those rulings will not be disturbed on appeal absent a showing of abuse. *Perkins v. Volkswagen of America, Inc.*, 596 F.2d 681 (5th Cir. 1979). There has been no such showing. Regardless, because the jury found no liability on the part of the defendant, exclusion of this evidence relating only to quantum did not prejudice Scheib.

### Instructions to Jury

Scheib claims error in the charge to the jury on unseaworthiness, contending that it was too general for the jury to comprehend. He preserved his right to appellate review, Fed.R.Civ.P. 51, by a timely objection to the court's refusal to give this instruction:

> The owner of a vessel has the duty to provide his employees with a seaworthy vessel. If you find that the deck of the CONNIE was excessively steep, you may consider that to be a [sic] unseaworthy condition, and find liability on the part of Williams–McWilliams. Also, if you find that a handrail or grabrail should have been provided, you may consider that to be an unseaworthy condition, and find liability on the part of Williams–McWilliams.

█ In the review of jury instructions, a challenged instruction should not be considered in isolation but rather as part of an integrated whole. If, viewed in that light, the jury instructions are comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury, the charge will be deemed adequate. *Vezina v. Theriot Marine Service, Inc.*, 554 F.2d 654 (5th Cir. 1977). *See also United States v. Gray*, 626 F.2d 494 (5th Cir. 1980); and *Crador v. Louisiana Dept. of Highways*, 625

---

1. The motion for judgment notwithstanding the verdict should not have been considered. Fed. R.Civ.P. 50(b). *See* Notes of Advisory Committee on 1963 Amendments to Rules as to 50(b):

"A motion for judgment notwithstanding the verdict will not lie unless it was preceded by a motion for a directed verdict made at the close of all the evidence."

F.2d 1227 (5th Cir. 1980); and *Hlodan v. Ohio Barge Line, Inc.*, 611 F.2d 71 (5th Cir. 1980). This approach is in accord with that taken by the Fourth Circuit. *Cicinato v. McPheeters*, 542 F.2d 634 (4th Cir. 1976); *Sandifer v. Electrolux Corp.*, 172 F.2d 548 (4th Cir. 1949).

■ The district judge gave comprehensive instructions on seaworthiness, fully informing the jury on the controlling principles of law. There was no error in his declining to give the requested instruction.

### Sufficiency of the Evidence

■ Scheib argues that the jury's verdict was against the weight of the evidence on the issues of causation and seaworthiness. No motion for a directed verdict was made at the close of the evidence. Accordingly, the sufficiency of the evidence is subject only to very limited appellate review. Our inquiry is restricted to "whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.'" *Conghlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir. 1978). Scheib's motion for judgment n. o. v. and his challenge to the jury's verdict on sufficiency of the evidence in his motion for a new trial, do not lessen this standard of appellate review. In *Conghlin* a motion for new trial, questioning the sufficiency of the evidence, was made. Quoting our earlier decision in *Little v. Bankers Life and Casualty Co.*, 426 F.2d 509, 511 (5th Cir. 1970), we observed:

As we said in *Little v. Bankers Life & Casualty Co.*:

When, as in this case, a motion for a new trial has been made on the ground of insufficient evidence to support the verdict and the like, the failure by the losing party to move for a directed verdict . . . still operates to foreclose consideration of the question of sufficiency on appeal, and the appellate court may inquire only whether the trial court abused its discretion in overruling the motion for a new trial. 426 F.2d at 511 *citing Brown v. Burr-Brown Research Corp.*, 378 F.2d 822, 824 (5th Cir. 1967); *Pruett v. Marshall*, 283 F.2d 436, 438 (5th Cir. 1960). Of course, when we review the denial of a motion for a new trial, we do not review "sufficiency" in its technical sense. What is in issue is whether there was an "absolute absence of evidence to support the jury's verdict." *Fugitt v. Jones*, 549 F.2d at 1004; *Litherland v. Petrolane Offshore Construction Services, Inc.*, 546 F.2d 129, 134 (5th Cir. 1977); *Urti v. Transport Commercial Corp.*, 479 F.2d 766, 769 (5th Cir. 1973); *Indamer Corp. v. Crandon*, 217 F.2d 391, 393 (5th Cir. 1954).

■ Scheib has not even approached satisfaction of this Draconian measure of review.

The verdict of the jury and the rulings by the district court are AFFIRMED.