Patrick O'Brian BUNCH, Jr., A Minor By and Through His Mother, Natural Guardian and Next Friend, Brenda Bunch, Plaintiff-Appellant,

v.

James Harvey WALTER, Defendant-Appellee.

No. 81–4236
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 16, 1982.

Floyd J. Logan, Gulfport, Miss., for plaintiff-appellant.

Grier J. Gregory, Gulfport, Miss., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This diversity case arises out of an automobile intersection accident in which a pickup truck driven by Plaintiff Bunch was hit by a car driven by Defendant Walter. The jury returned a verdict in favor of Walter. Finding that there is sufficient evidence to support the verdict and that the District Court did not err in its instructions, we affirm.

## I.

The accident forming the basis of this lawsuit occurred at the intersection of U. S. Highway 90 and State Highway 603. Bunch was traveling east on U. S. 90, and as he approached the intersection, entered a turning lane and slowed his vehicle in preparation for making a left turn through the intersection. Walter, towing a 30-foot travel trailer, was traveling at approximately 45 miles per hour in the opposite direction, in the northern most lane (the slow westbound lane of the highway). While both parties had a green light, Bunch proceeded to make a left turn onto State Highway 603 and was struck broadside by the Walter car. As a result of the accident, Bunch was seriously injured and through his mother brought this action against Walter for damages.

There were four eyewitnesses to the accident, three of whom testified at the trial. The fourth witness, Bunch, due to his injuries and resultant amnesia, had no recollection of the accident. Defendant Walter testified that he observed the Bunch truck on three separate occasions prior to the collision: (1) when both vehicles were approximately one block from the intersection; (2) when the Bunch pickup was approximately 100 feet west of the intersection and slowing down; and (3) when the two vehicles were approximately 20 to 25 feet apart and Bunch abruptly turned into the intersection crossing in front of the Walter vehicle. Oren Seal, a third party, testified to seeing the Bunch vehicle slow down prior to the accident, but he diverted his attention momentarily and did not observe the actual impact. Both Seal and Walter stated they observed the use of no turn signal by the Bunch pickup. Walter's wife, a passenger in the defendant's car at the time, also testified. Evidence was also presented by two doctors concerning the nature of Bunch's injuries and by Bunch's parents and a former employer concerning the change in Bunch's personality following the accident. The jury returned a general verdict in favor of Walter. After denial of a motion for new trial, Bunch appeals contending that (1) the verdict is contrary to

the law and evidence; (2) the District Court erred in instructing the jury on Bunch's burden of proof; and (3) the District Court should not have allowed an instruction on unfavorable inferences from failure to call certain of Bunch's doctors to testify.[1]

## II.

Bunch asserts that the jury's verdict is contrary to both the law and the evidence in that Walter failed to yield the right-of-way, maintain a proper lookout, or decrease his speed when approaching an intersection.[2] In particular, Bunch points to Walter's acknowledgement that he saw and determined that the Bunch vehicle was making a left turn at least 100 feet prior to the intersection and then diverted his attention for approximately the next 80 feet of travel. Walter made no attempt to divert his vehicle, sound his horn, or take any other action to prevent the collision. Walter, in turn argues that he did not expect Bunch to turn immediately in front of his vehicle and that Bunch failed to comply with Section 63–3–803 of the Mississippi Code which requires:

> The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereof as to constitute an immediate hazard. However, said driver having so yielded and having given a signal when and as required by Article 15, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn.

Both this Court and the Mississippi Supreme Court have held that in intersection accident cases the issue of negligence is properly a determination for the jury. *See, e.g., Williams v. Slade*, 431 F.2d 605 (5th Cir. 1970); *Williams v. Weeks*, 268 So.2d 340 (Miss.1972); *Bush Construction Co. v. Walters*, 254 Miss. 266, 179 So.2d 188 (1965); *Massengale v. Taylor*, 246 Miss. 521, 150 So.2d 859 (1963). On several occasions the Mississippi Supreme Court has also reversed the granting of peremptory instructions by trial courts as to liability in intersection cases. *See, e.g., Jobron v. Whatley*, 250 Miss. 792, 168 So.2d 279 (1964); *Meaut v. Langlinais*, 240 Miss. 242, 126 So.2d 866 (1961). In this case it was for the jury to determine who was at fault, whether either party was not paying proper attention, and which party had the duty to yield to the other.

While Mississippi law governs the issues of liability in this diversity case, determination of sufficiency of evidence is controlled by the federal standard. The nature of that review is dependent on whether a motion for directed verdict was made at the District Court level. While Bunch contends that the jury's verdict is contrary to the law and evidence, our review of the record reveals no motion by Bunch for directed verdict or for judgment notwithstanding the verdict. Bunch's motion for new trial contains no mention of a motion for directed verdict but asks that judgment be set aside as contrary to the law and evidence.[3] The only reference to a motion for directed verdict is found in Bunch's "Designation of Contents of Record and Statement of Points," filed for purposes of appeal to this Court, in which Bunch lists as an issue for appeal the District Court's "failure to grant" a directed verdict.

When no motion for directed verdict is made in the District Court, our appellate review is limited to "whether there was *any*

---

1. While Bunch originally challenged another instruction concerning the duty of Bunch to anticipate Walter's presence, this challenge was subsequently withdrawn upon discovery that the instruction at issue was not in fact given at the trial.

2. Mississippi Code Section 63–3–505, as amended, provides: The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, ... or when special hazard exists with respect to pedestrians or other traffic.

3. The motion also challenges: (1) the evidence as being insufficient to support the verdict; (2) the refusal to admit certain evidence; (3) the admission of parts of a deposition; and (4) several of the instructions to the jury.

evidence to support the jury's verdict, irrespective of its sufficiency or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.'" *Coughlin v. Capitol Cement Co.,*

**4.** This standard is distinctly different from the well-established *Boeing* standard used to review the grant or denial of a motion for directed verdict or j. n. o. v. which requires us to determine whether, when viewing the evidence in the light most favorable to the party opposing the motion, "reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions," in which case the motions should be denied. *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir. 1969) (en banc). While many of our cases have indicated that when a motion for new trial has been made on the ground of insufficient evidence to support the verdict and no motion for directed verdict or j. n. o. v. has been made, sufficiency of evidence is not reviewable on appeal, *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 297 (5th Cir. 1978); *American Lease Plans, Inc. v. Houghton Construction Co.,* 492 F.2d 34, 35 (5th Cir. 1974); *Little v. Bankers Life & Casualty Co.,* 426 F.2d 509, 511 (5th Cir. 1970); *Colletti v. Credit Bureau Services, Inc.,* 644 F.2d 1148, 1151 (5th Cir. 1981), this statement is not meant to curtail all review of sufficiency of evidence. Rather, it forecloses a review which *evaluates* and *weighs* the evidence, as opposed to one which looks only for *existence* of *any* evidence. "Our consideration is limited to whether plain error has been committed which, if not noticed, would result in a manifest miscarriage of justice." *Bankers Life, supra,* at 511. This standard has also been described as an "absolute absence" of evidence to support the jury's verdict. *Scheib v. Williams-McWilliams Co.,* 628 F.2d 509, 512 (5th Cir. 1980); *Fugitt v. Jones,* 549 F.2d 1001, 1004 (5th Cir. 1977); *Urti v. Transport Commercial Corp.,* 479 F.2d 766, 769 (5th Cir. 1973).

In reviewing the denial of a motion for new trial, we will not disturb the District Court's action absent a clear showing of abuse of discretion. *Valley View Cattle Co. v. Iowa Beef Processors, Inc.,* 548 F.2d 1219, 1220–21 n.2 (5th Cir.), *cert. denied,* 434 U.S. 855, 98 S.Ct. 174, 54 L.Ed.2d 126 (1977); *Massey v. Gulf Oil Corp.,* 508 F.2d 92, 94–95 (5th Cir.), *cert. denied,* 423 U.S. 838, 96 S.Ct. 67, 46 L.Ed.2d 57 (1975).

In our prior cases reviewing a challenge to a jury verdict on the grounds of sufficiency of evidence, we have frequently combined the "any evidence" standard of review when no motion for directed verdict was made with our "abuse of discretion" standard for appellate review of denial of a motion for new trial. *See, e.g., Vallot v. Central Gulf Lines, Inc.,* 641 F.2d

571 F.2d 290, 297 (5th Cir. 1978), *quoting American Lease Plans, Inc. v. Houghton Construction Co.,* 492 F.2d 34, 35 (5th Cir. 1974) and *Little v. Bankers Life & Casualty Co.,* 426 F.2d 509, 511 (5th Cir. 1970).[4] As

347, 349 (5th Cir. 1981) ("On review of a denial of a motion for new trial, the function of this Court is to review whether the trial judge abused his discretion in denying the motion or whether 'as a matter of law the denial of a new trial was erroneous because there was an absolute absence of evidence to support the jury's verdict.' "); *Scheib, supra,* at 512 (on review of denial of new trial, we do not review sufficiency in its technical sense but whether absolute absence of evidence); *Coughlin, supra,* at 297–98; *American Lease, supra,* at 35; *Bankers Life, supra,* at 511. "When, as in this case, a motion for a new trial has been made on the ground of insufficient evidence to support the verdict and the like, the failure by the losing party to move for a directed verdict as well still operates to foreclose consideration of the question of sufficiency on appeal, and the appellate court may inquire only whether the trial court abused its discretion in overruling the motion for a new trial." *Bankers Life, supra,* at 511. This review is explained in *Urti*:

On appeal, when we review the denial of a motion for a new trial, we are not reviewing "sufficiency" in its technical sense; that is, we are not reviewing the question of whether it was erroneous to submit the case to the jury. Rather, we are reviewing whether the district judge has abused his judicial discretion in denying a new trial or whether as a matter of law the denial of a new trial was erroneous because there was an "absolute absence of evidence to support the jury's verdict."

*Urti, supra,* at 769, *quoting, Indamer Corp. v. Crandon,* 217 F.2d 391, 393 (5th Cir. 1954).

These cases above reflect a collapsing of two processes into one when reviewing sufficiency of evidence within the context of a denial of a motion for new trial without a preceding motion for directed verdict. Technically, our review is two-fold: first, when no motion for directed verdict is made, we determine whether there is *any evidence* supporting the jury verdict; and second, we determine if the District Court *abused its discretion* in denying a motion for new trial. While the existence of some evidence is one indication that no abuse of discretion occurred in denial of new trial, this finding of some evidence, the first step, is not necessarily co-extensive with our review for abuse of discretion which may involve several other issues. The circles are concentric, with that representing review of denial of new trial being the larger circle. The circles may be equal when the only issue raised in the motion

the late Judge Ainsworth explained in *Bankers Life*:

> In this Circuit it is well established that the sufficiency of the evidence supporting jury submission of a case or the jury's findings is not reviewable on appeal unless the party seeking review has made a motion for a directed verdict in the trial court.... The reasons behind the rule are sound. For example, a litigant may not gamble on the jury's verdict and then later question the sufficiency of the evidence on appeal.... Similarly, the litigant who has not moved for a directed verdict in the trial court must have been of the view that the evidence made a case for the jury; he should not be permitted on appeal to impute error to the trial judge for sharing that view....

> Since Little did not move for a directed verdict in the District Court, our review of the sufficiency of the evidence ... is consequently foreclosed. We may inquire whether there was *any* evidence supporting the submission of the suicide issue and the jury's finding that Mrs. Little's death was a suicide, but we may not question the sufficiency of whatever evidence we do find.... Our consideration is limited to whether plain error has been committed which, if not noticed, would result in a manifest miscarriage of justice.... No further may we delve.

426 F.2d at 510–11 (citations omitted; emphasis in original).

■ While a motion for directed verdict is not a prerequisite for new trial, *Urti v. Transport Commercial Corp.*, 479 F.2d 766

(5th Cir. 1973) and cases cited in *Coughlin, supra*, at 297 n.12, the burden on a plaintiff is considerably greater when no motion for directed verdict has been made, requiring a complete absence of evidence. *See Scheib v. Williams-McWilliams Co.*, 628 F.2d 509, 512 (5th Cir. 1980) (describing this burden as "Draconian"). As to the denial of a motion for new trial, absent a clear showing of abuse of discretion, we will not disturb the District Court's action.

■ From the record it is clear that there was ample evidence, not merely "any", to support the jury's verdict. Nor can we say, based on sufficiency of evidence, that the District Court abused its discretion in denying the motion for new trial.[5]

## III.

■ Bunch asserts that the District Court in repeating many times the plaintiff's burden of proof erred. The crux of this contention is that the repetition of the plaintiff's burden of proof created confusion and in effect changed the burden from "preponderance of the evidence" to "beyond a reasonable doubt". In reviewing instructions to a jury, we consider the charge as a whole. *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1372 (5th Cir. 1981); *Byrd v. Hunt Tool Shipyards, Inc.*, 650 F.2d 44, 47 (5th Cir. 1981); *Kramer v. Keys*, 643 F.2d 382, 384 (5th Cir. 1981). "In the review of jury instructions, a challenged instruction should not be considered in isolation but rather as part of an integrated

for new trial is sufficiency of evidence to support a verdict. In that case, the two separate standards become blurred so that the finding of any evidence is also a finding of no abuse of discretion. This discussion is in no way meant as a criticism casting doubt on the validity of our prior decisions. Rather, this is offered as a coherent explanation of certain superficial variances some might find in some of our decisions. By distinguishing the two separate steps, we also follow the policy expressed in *Urti*.

> Moreover, it would be poor judicial husbandry to require counsel ritualistically to move for a directed verdict and judgment n. o. v., regardless of his lack of conviction in

their merit, to preserve his right to appeal the denial of a new trial. To demand a litany of introductory motions is not only illogical but harks back to the age of writs and technical pleading.

*Urti*, at 769.

5. The majority of other issues raised in the motion for new trial concern jury instructions. We subsequently treat those instructions raised in the brief on appeal and find no merit in Bunch's assertions of error. Thus, finding some evidence to support the verdict and no error in the instructions challenged on appeal, we find no abuse in discretion in denying a new trial.

**132**

whole. If, viewed in that light, the jury instructions are comprehensive, balanced, fundamentally accurate and not likely to confuse or mislead the jury, the charge will be deemed adequate." *Scheib v. Williams-McWilliams Co.*, 628 F.2d 509, 511 (5th Cir. 1980).

■ After reviewing all instructions, we find that Bunch's argument is without merit. The District Court gave comprehensive instructions which informed the jury of the controlling law. Although the District Court mentioned Bunch's burden several times, the references, when viewed in context were not excessive. For instance, the burden was mentioned not only in relation to Bunch's burden but also in reference to the meaning of "preponderance of the evidence" and in explaining Walter's burden of proving a defense. Viewed as a whole, the instructions provided a balanced and comprehensive direction for the jury.

### IV.

■ Bunch's final contention is that the District Court erred in granting Walter's instructions Nos. 18 and 19. These instructions concerned the failure of Bunch to call as witnesses two doctors who had treated him. The instructions allowed the jury to infer that the testimony of these two doctors would have been unfavorable to Bunch's case, assuming the doctors were available to Bunch to testify. Mississippi by statute has recognized a patient-physician privilege. To prevent abuse of this privilege, Mississippi courts have given instructions allowing an unfavorable inference against a party who fails to call an available doctor who has treated that party. *See Killings v. Metropolitan Life Insurance Co.*, 187 Miss. 265, 192 So. 577 (1939).

Bunch asserts that Walter failed to request a waiver of Bunch's medical privilege, made no attempt to subpoena the doctors, and produced no evidence that the doctors were unavailable for testimony if Walter had called them. We find it unnecessary here to decide whether Bunch waived the patient-physician privilege or whether the doctors' testimony was available to both parties. Rather, we find that, even if the instruction allowing the unfavorable inference were incorrect, any error would be harmless. Here there was no question that Bunch was injured in the accident. The District Court, in its instructions to the jury, specifically stated that Bunch was "very badly damaged and injured by this incident." Thus, the only possible conclusion is that although Bunch was hurt, the jury determined that under the facts his injuries were not caused by the negligence of Walter. The instruction in question relates to the amount of damages, an issue that became unnecessary to determine based on the general verdict for the defendant and the finding of no liability. The error, if any, was harmless.

AFFIRMED.