IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20081
Summary Calendar
_____

CLARONETTE B. GREENE,

Plaintiff-Appellant,

versus

TEXAS COMMISSION FOR THE BLIND; STATE OF TEXAS,

Defendants,

PAT WESTBROOK,

Defendant-Appellee.

-------------------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-90-1695

-------------------------------
December 6, 1995

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[1]

Claronette Greene filed suit against her former employer, the Texas Commission for the Blind, and Pat Westbrook, its director, alleging a violation of her substantive due process rights resulting from the termination of her employment as Regional Director of the Houston District. The trial court granted Westbrook's motion for judgment as a matter of law based on qualified immunity in his

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

individual capacity. The case proceeded to the jury on the question of whether Westbrook had violated Greene's rights to due process in his official capacity. The jury found for the defendants, and the trial court entered judgment accordingly.

Greene appealed arguing that the trial court committed prejudicial error (1) in giving the jury an incorrect instruction on the elements required for it to find a violation of her right to substantive due process, and (2) in using the incorrect standard in granting Westbrook's motion for judgment as a matter of law based on qualified immunity.

Greene meritoriously argues that the trial court's substantive due process instruction was imperfect. However, its defect does not amount to prejudicial or reversible error.

A federal court is generally not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. This measure of judicial restraint, however, does not require slavish deference to a public institution's arbitrary deprivation of a vested property right. Honore v. Douglas, 833 F.2d 565, 569 (5th Cir. 1987). One requirement of the Due Process Clause is that the states act only through means appropriately related to legitimate state ends. This strand of the substantive due process doctrine is composed of two parts: rationality limitations and normative limitations on government power. Every law or government act must be reasonably related to its end, and thus not "arbitrary." Brennan v. Stewart, 834 F.2d 1248, 1256 (5th Cir. 1988). Consequently, to establish a violation of substantive due process, the plaintiff must prove that the government's action was clearly arbitrary and unreasonable or that it had no substantial relation to a legitimate government interest. Id.; See also, Sinaloa Lake Owners Assn. v. Simi Valley, 882 F.2d 1398 (9th Cir. 1989), cert. denied sub nom, Doody v. Sinaloa Lake Owners, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990); Bello v. Walker, 840 F.2d 1124 (3rd Cir.), cert. denied, 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988); Cf. Village of Euclid v. Ambler Realty Co. 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303, 314 (1926).

In the present case the trial court instructed the jury with respect to substantive due process as follows:

> "'Due process,' as that term is used in this charge,
> means that every governmental act must be reasonably

related to its end and cannot be arbitrary and capricious. 'Arbitrary and capricious' is defined as willful and unreasonable action without consideration of or in disregard of the facts. 'Arbitrary' refers to behavior that is irrational and not done according to reason or judgment. Mr. Westbrook may be found to have acted arbitrarily and capriciously only if he had no rational basis for making his decision. Mr. Westbrook may be found to have violated Ms. Greene's constitutional rights only if you find from a preponderance of the evidence that he did so intentionally."

"...[Y]ou are to determine whether the decision made by Mr. Westbrook, whether you agree with it or not, was a rational decision made upon a reasonable basis. The Due Process Clause of the Fourteenth Amendment of the United States Constitution does not guarantee against incorrect or ill-advised personnel decisions."

Greene objected only to the part of the instruction by which the court informed the jury that "Mr. Westbrook may be found to have acted arbitrarily and capriciously only if he had no rational basis for making his decision." In isolation, we agree that this statement might have misled reasonable jurors into believing that if Westbrook's decision had been based on any reason, even if improperly motivated or not substantially related to a legitimate governmental interest, the jury could not find a violation of Greene's right to substantive due process. But in the review of jury instructions, a challenged instruction should not be considered in isolation but rather as part of an integrated whole. If, viewed in that light, the jury instructions are comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury, the charge will be deemed adequate. Scheib v. Williams-McWilliams Co., Inc., 628 F.2d 509 (5th Cir. 1980) Considering the instructions on substantive due process as a whole, particularly the lead statement that, "'Due Process'...means that every governmental act must be reasonably related to its end and cannot be arbitrary and capricious" and the penultimate instruction that "...[Y]ou are to determine whether the decision made by Mr. Westbrook...was a rational decision made upon a reasonable basis," we do not believe that the instructions were likely to have confused or misled the jury. Although the trial court's failure to link the reasonable means and governmental ends requirements of Due Process more closely in its instructions could be confusing and misleading in other contexts, it did not amount to

prejudicial or reversible error in the present case.

Moreover, we will not reverse for an alleged error in the jury instructions if we find, based upon the record, that the challenged instruction could not have affected the outcome of the case. National Union Fire Insurance Co., etc. v. Cagle, 1995 WL 631360 (5th Cir. (La.)); Bass v. U. S. Dept. of Agriculture, 737 F.2d 1408 (5th Cir. 1984). Our review of the record convinces us that the evidence presented at trial overwhelminingly supports the jury's verdict. We therefore conclude that any alleged error in the jury instructions was harmless and that no injustice resulted therefrom.

Having concluded that the jury determination and trial court judgment absolving Westbrook of liability should be affirmed, we pretermit as irrelevant or moot the question of whether Westbrook also was entitled to qualified immunity.

AFFFIRMED.