# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40130

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

ELVA GARZA,

      Plaintiff - Appellant

v.

JAMES A. CAPLIN, Medical Doctor, Professional Association,

      Defendant - Appellee

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 2:16-CV-295

Before SMITH, BARKSDALE, and HO, Circuit Judges.

PER CURIAM:*

Dr. James Caplin owned and operated a medical practice in Corpus Christi. He employed plaintiff Elva Garza for about 29 years in various at-will capacities, including CEO and later COO. Garza claims that she was subsequently fired when she refused to fire another long-time employee of the medical practice, Janie Garcia. She says that she refused because she believed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40130

that firing Garcia would amount to age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). *See* 29 U.S.C. § 623(a)(1).

In this action, Garza claims, among other things, retaliatory discharge under the ADEA. The ADEA, in relevant part, makes it "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful" by the ADEA itself. *Id.* § 623(d). Garza failed to move for judgment as a matter of law following the submission of evidence. The jury found for Dr. Caplin on all issues. The district court denied Garza's motion for a new trial. Garza now appeals only the dismissal of her ADEA retaliatory discharge claim, asserting (1) that the verdict is supported by legally insufficient evidence and (2) that the third jury instruction set out an incorrect statement of law.

We first consider Garza's claim that there was legally insufficient evidence to support the jury's verdict on its third jury question: "Do you find that Plaintiff Elva Garza would not have been fired but for her having engaged in a protected activity, if any?" It is unclear from Garza's brief whether she merely challenges the sufficiency of the evidence pursuant to the standard provided in Federal Rule of Civil Procedure 50(a) ("[A] reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."), or whether she challenges the district court's denial of her motion for a new trial pursuant to Federal Rule of Civil Procedure 59. If we construe Garza's appeal as Rule 50(a)-based, our standard of review is very deferential where, as here, a plaintiff did not move for judgment as a matter of law in the district court. "The absence of a motion challenging the evidence prior to submission to the jury precludes the appellate court from evaluating and weighing the evidence to test its sufficiency." *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 974 (5th Cir. 1996) (citing *Bunch v. Walter*, 673 F.2d 127, 130 n.4 (5th Cir. 1982)). Instead, we merely consider "whether there was any evidence

to support the jury's verdict, irrespective of its sufficiency or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice." *Bunch*, 673 F.2d at 129–30 (internal quotation marks omitted) (quoting *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir. 1978)).  If we construe Garza's appeal as Rule 59-based, then the standard of review is even more deferential:  The district court's denial of a Rule 59 motion should "be affirmed unless, on appeal, [Garza] makes a clear showing of an absolute absence of evidence to support the jury's verdict." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (internal quotation marks, citations, and emphasis omitted).  Under either standard of review, Garza simply cannot meet her high burden.  The jury heard testimony with respect to increased tensions in the workplace between Garza and Dr. Caplin, and heard further testimony that Garza "refus[ed] to do her job."  There was ample evidence to support the verdict.

We next consider Garza's claim that the third jury instruction set out an incorrect statement of law.  Because Garza did not timely object to the jury instruction as required by Federal Rule of Civil Procedure 51(c), we review for plain error.  *See In re Isbell Records, Inc.*, 774 F.3d 859, 870 (5th Cir. 2014) ("If a party does not object [to a jury instruction before the jury begins to deliberate], this court reviews jury instructions for plain error.") (citing *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 494 (5th Cir. 2002)).

"To overturn a verdict for plain error in the instructions, we must find an obviously incorrect statement of law that 'was probably responsible for an incorrect verdict.'" *Tompkins v. Cyr*, 202 F.3d 770, 784 (5th Cir. 2000) (internal citation omitted) (quoting *Auto. Grp. v. Cent. Garage, Inc.*, 124 F.3d 720, 730 (5th Cir. 1997)).  We are "exceedingly deferential to the trial court." *Id.* Assuming, without deciding, that we could instead construe Garza's claim in the context of the district court's denial of her motion for a new trial, our

standard of review is not plain error but is "prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). In this Rule 59 context, there is prejudicial error if "the jury's verdict [is] 'against the great—not merely the greater—weight of the evidence.'" *Id.* (quoting *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980)). According to the third jury instruction, Garza could prevail on her retaliation claim only if her refusal to fire Garcia was based on a "good-faith, reasonable belief" that the firing was based on intentional age discrimination. Garza contends that the "good-faith, reasonable belief" standard is an incorrect statement of law. But this language is based on the Fifth Circuit Pattern Jury Instructions. The Pattern Jury Instructions provide that an ADEA retaliation claim jury charge instruction should follow the corresponding Title VII jury charge instruction. *See* Fifth Circuit District Judges Association Committee on Pattern Jury Instructions, PATTERN JURY INSTRUCTIONS, CIVIL CASES § 11.17 n.4. And the corresponding Title VII committee notes to the jury charge state: "If the claim is for opposing an employment practice, the plaintiff must prove that he or she had a *reasonable good-faith belief* that the practice was unlawful under Title VII." *Id.* § 11.5(A) (emphasis added) (footnote omitted). Accordingly, we conclude that the third jury instruction does not amount to an "obviously incorrect statement of law." *Tompkins*, 202 F.3d at 784 (citing *Auto. Grp.*, 124 F.3d at 730). Nor, of course, does the third jury instruction amount to "prejudicial error." *Scott*, 868 F.2d at 789.

AFFIRMED.

4