**Vernon CLARKE, Appellee,**

v.

**Joe D. TATUM, Appellant.**

**No. 8141.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 13, 1960.

Decided Nov. 22, 1960.

Preston P. Taylor, Norfolk, Va. (Taylor, Gustin & Harris, Norfolk, Va., on brief), for appellant.

Calvin W. Breit, Norfolk, Va. (Robert S. Cohen, and Amato, Babalas, Breit & Cohen, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and STANLEY, District Judge.

EDWIN M. STANLEY, District Judge.

The plaintiff, Vernon Clarke, a pedestrian, who was struck by a vehicle owned and operated by the defendant, Joe D. Tatum, while crossing a street in the City of Norfolk, Virginia, brought this action to recover damages for his injuries. The case was tried before the court without a jury. At the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence, the defendant moved for a summary judgment in his favor on the premise that the plaintiff was guilty of contributory negligence as a matter of law. Each motion was overruled, and judgment was entered for the plaintiff. This appeal followed.

In determining the single question presented for decision, our inquiry is whether, under the substantive law of Virginia, the evidence, together with all reasonable inferences to be drawn therefrom, viewed in the light most favorable to the plaintiff, was sufficient to support a verdict for the plaintiff. Farrell v. Weinard, 4 Cir., 1957, 241 F.2d 562;

Nicholson v. Stroup, 4 Cir., 1957, 249 F. 2d 874.

█ Viewed in this light, the pertinent facts may be summarized as follows. The accident happened in the early afternoon of December 12, 1958, at the intersection of Bank Street and City Hall Avenue, in the City of Norfolk, Virginia. Bank Street runs approximately north and south and City Hall Avenue runs approximately east and west. Vehicular traffic on Bank Street is permitted one way going north, beginning at City Hall Avenue, and two ways south on City Hall Avenue. Vehicular traffic is permitted to travel in both directions on City Hall Avenue. Both Bank Street and City Hall Avenue are approximately 50 feet wide and are four-lane streets separated in the center by double white lines.

There are traffic lights on all four corners of the intersection controlling both vehicular and pedestrian traffic. The green signal for vehicular traffic traveling from east to west on City Hall Avenue is pre-set so as to flash on eight seconds after the green signal light comes on for City Hall vehicular traffic traveling from west to east. This has the effect of giving pedestrians crossing Bank Street from west to east an eight-second advantage over vehicular traffic proceeding in a westwardly direction along City Hall Avenue, whether such traffic intends to proceed straight through the intersection or turn either north or south on Bank Street.

Immediately before the accident, the plaintiff, a 79-year-old male, was walking east along the southern sidewalk of City Hall Avenue, intending to cross Bank Street from west to east in order to arrive at his bus stop, which was east of Bank Street and on the south side of City Hall Avenue. When plaintiff reached the southwest corner of Bank Street and City Hall Avenue, he observed the traffic light for City Hall Avenue traffic to be red, thereby allowing northbound vehicular traffic on Bank Street to proceed. When the signal light changed to green, plaintiff proceeded to walk eastwardly across Bank Street in the center of the pedestrian crosswalk. At this time, there was no moving traffic at the intersection, but there were two motor vehicles stopped, side by side, in the northbound lanes of Bank Street and immediately south of the crosswalk. At a point a few feet east of the center of Bank Street, and while still at or near the center of the crosswalk, plaintiff was struck on his left side by the right front fender of defendant's automobile. The plaintiff never saw defendant's automobile prior to the impact and had no idea where it came from, except he did know it came from his left.

Before the accident, the defendant had been traveling in a westwardly direction along City Hall Avenue. As he approached the intersection of City Hall Avenue and Bank Street, he observed the traffic control signal to be red. He stopped in obedience to the red light, and activated the left turn signal on his automobile. After the traffic signal turned green, which was eight seconds after the signal had turned green for the plaintiff, the defendant made a left turn, passing to the left of the center of the intersection, and proceeded in a southwestwardly direction from City Hall Avenue into Bank Street. The defendant did not see the plaintiff until immediately before the impact, and did not have time to either sound his horn, apply his brakes or turn in either direction before striking the plaintiff.

The defendant concedes actionable negligence on his part, and concedes that the plaintiff, by statute,[1] had the right of way over his vehicle, but urges that the plaintiff was guilty of contributory negligence as a matter of law by reason of his failure to keep a proper lookout for approaching traffic and his

1. Section 46.1–231(d), Code of Virginia 1950, provides:

"(d) Pedestrians crossing highways or streets at intersections shall at all times have the right of way over vehicles making turns into the highways or streets being crossed by the pedestrians."

failure to exercise reasonable care for his own safety. The defendant argues that the plaintiff, when he stepped into the street to cross, was charged with notice that defendant, stopped at the intersection with his left turn signal on, would turn left into Bank Street eight seconds later, and that the plaintiff, in the exercise of reasonable care, should have kept a lookout for defendant's automobile, and should have seen defendant in time to avoid the collision.

We cannot say that the plaintiff, who was crossing the street at a proper place, and who had the right of way over defendant's vehicle, was guilty of contributory negligence as a matter of law in failing to keep a constant lookout for approaching vehicles from his left. Such a question is almost invariably one for the trier of the facts, and this is not one of the exceptional cases where recovery should be denied as a matter of law. 10B Blashfield, Cyclopedia of Automobile Law and Practice, § 6628. Certainly, under the factual situation here involved, reasonable minds might well differ as to whether the plaintiff exercised proper care for his own safety, or was guilty of contributory negligence which would bar his recovery.

The decisions of this court in Nicholson v. Stroup, 4 Cir., 1957, 249 F.2d 874 and Grafton v. White, 4 Cir., 1959, 263 F.2d 251, and the Virginia decisions cited and discussed in these cases, fully support the view here expressed, and we reaffirm what was said in those cases. Likewise, the comprehensive opinions of the Virginia Supreme Court of Appeals in the cases of Danner v. Cunningham, 1952, 194 Va. 142, 72 S.E.2d 354, and Pointer v. Green, 1952, 193 Va. 757, 71 S.E.2d 155, are clear authority for the proposition that the contributory negligence of pedestrians in similar situations is for the trier of the facts.

The cases relied upon by the defendant have been carefully examined, and all may be distinguished on the facts and points of law involved in each case.

Since it cannot be said that plaintiff was guilty of contributory negligence as a matter of law, it follows that the judgment of the District Court should be affirmed.

Affirmed.