**Joseph W. HARNER, Appellant,**

**v.**

**JOHN McSHAIN, INC., OF MARYLAND, a corporation, Appellee.**

**No. 11933.**

United States Court of Appeals Fourth Circuit.

Argued March 8, 1968.

Decided April 30, 1968.

Clark B. Frame, Morgantown, W. Va. (Joseph W. Harner, in pro. per., on brief), for appellant.

Albert M. Morgan, Morgantown, W. Va., for appellee.

Before BRYAN and CRAVEN, Circuit Judges, and MacKENZIE, District Judge.

CRAVEN, Circuit Judge:

This is a negligence action brought in a West Virginia state court and removed to the federal district court by reason of diversity of citizenship. The sole issue presented on appeal is whether the plaintiff was guilty of contributory negligence "as a matter of law."

The case was tried before a jury which returned a verdict in favor of the plaintiff for $8,000. The trial judge thereafter set the verdict aside and entered judgment n. o. v. for the defendant. Fed. R.Civ.P. 50(b). In so doing the trial judge stated that he had no trouble in finding ample evidence to support the jury's finding of negligence. But as to the issue of contributory negligence he concluded "that the plaintiff did not on the occasion of the accident exercise the degree of care for his own safety that an ordinarily prudent person would have exercised in like or similar circumstances." We do not agree that failure to exercise due care was the only permissible inference and reverse.

On June 13, 1966, Mr. Harner, a construction painter by trade, was injured when he fell through uncompleted flooring on the top floor of a three story building then under construction. On this floor steel joists had been laid approximately two feet apart at right angles to the heavier I-beams and had been welded into the I-beams. Then sheets of perforated steel lathe, two feet wide and six to twelve feet long, had been laid perpendicular to and on top of the joists. The

lathe was laid so that it overlapped and completely covered the joists. In four places per sheet, the edge of the lathe had been wired down to the nearest joist with 16 gauge galvanized wire which is thirty-six inches long and doubled. The floor in question had been only partially lathed. The last sheet of lathe (bordering on the unlathed area) had been laid so that it fell approximately one and one-half inches short of the joist next to the unlathed area. This sheet had *not* been wired down to the joist. Consequently, as one of the witnesses put it, anyone who stepped on the last sheet of lathe would fall through it as through a trap door.

In the couse of his duties Mr. Harner walked across the unlathed area of the floor on an I-beam, going in the direction of the lathed area. When he reached the lathed area, he stepped out diagonally onto the unwired sheet of lathe and fell through. It was established, as previously indicated, that defendant was guilty of negligence proximately causing plaintiff's injury in failing to wire the last sheet of lathe to the adjacent joist.

In finding Mr. Harner contributorily negligent "as a matter of law," the trial judge properly referred to the West Virginia substantive rule that an invitee entering on the premises of another has a duty to discover open and obvious dangers. Petros v. Kellas, 146 W.Va. 619, 122 S.E.2d 177 (1961). However, we can find no West Virginia decision where, on facts comparable to the situation before us, the plaintiff was found to have been guilty of contributory negligence as "a matter of law." "The ruling will, in truth, depend entirely on the nature of the evidence offered in the case at hand; and it is seldom possible that a ruling can serve as a precedent." 9 Wigmore, Evidence § 2494, at 296 (3d Ed. 1940).

A brief narration of the evidence most favorable to the plaintiff, Grombach v. Oerlikon Toll and Arms Corp. of America, 276 F.2d 155 (4th Cir. 1960), will suffice to show that whether the danger was open and visible or whether plaintiff in the exercise of due care should have seen it, is a question upon which reasonable minds may differ.

Mr. Thorne, general superintendent for the appellee, testified that he saw "many employees of all crafts walking over the lathe," and that he could not recall ever warning anyone not to walk on it. The superintendent for Somerset Steel Erection Company, the steel subcontractor, testified that when the "lathers" left for lunch or quit work in a particular area they would wire down the lathe laid so as to make the area safe. Upon questioning by the trial court whether he could have seen the absence of tie wires had he looked, Mr. Harner replied: "I doubt it for you would have to look pretty close. You've got black mesh, you've got a black bar joist, and you take half an inch—I wouldn't have seen it unless I got down real low and looked."

The question of contributory negligence in this case is not a question of law but is simply a question of opinion or judgment in regard to a particular set of facts. See 9 Wigmore, Evidence § 2495 (3rd Ed. 1940). In a landmark decision generally interpreted as broadening the right of jury determination in close cases, (See Planters Mfg. Co. v. Protect. Mut. Insurance Company, 5 Cir., 380 F. 2d 869 (1967)) the Supreme Court said: "whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference." Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946). And on another occasion, where the jury could reasonably have reached an opposite result, the Court said: "There was evidence from which a jury could reach the conclusion that petitioner was totally and permanently disabled. That was enough." Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L. Ed. 945 (1941).

"In federal courts, at least, the Seventh Amendment writes into the basic charter the belief that trial by jury is the nor-

mal and preferable mode of disposing of issues of fact in civil cases * * *. The Supreme Court has been zealous to safeguard, perhaps even to enlarge, the function of the jury." Wright, Federal Courts § 92 at 350 (1963).

That the district judge's viewpoint on the issue of contributory negligence was an entirely reasonable one does not matter. There was substantial evidence supporting the opposite conclusion and that was enough to require leaving to the jury the partly speculative and conjectural task of choosing between permissible inferences.

On remand the district court will reinstate the verdict.

Reversed.