## Richmond

ARNOLD DAVID SCHUTT v. JAMES E. BROCKWELL, JR.

June 11, 1973.

Record No. 8113.

Present, All the Justices.

*Frank B. Miller, III (Sands, Anderson, Marks & Clarke,* on brief), for plaintiff in error.

*James A. Eichner (Allen, Allen, Allen & Allen,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, James E. Brockwell, Jr., instituted this action to recover for personal injuries sustained as a result of being struck by a truck driven by the defendant, Arnold David Schutt. Judgment for the plaintiff in the sum of $100,000 was entered on the jury's verdict, and defendant is here on a writ of error to the judgment.

Defendant contends that the trial court erred (1) in not holding plaintiff contributorily negligent as a matter of law, which barred his recovery, and (2) in granting and refusing certain instructions.

The evidence shows that the accident occurred about 8:00 p.m. on the rainy and snowy night of March 26, 1971, while plaintiff was crossing Jefferson Davis Highway, approximately 100 feet north of Lancelot Avenue, in the City of Richmond. At the point of plaintiff's crossing, the highway is a six-lane road running north and south, with three southbound and three northbound lanes divided by a grass median strip. Each travel lane is approximately 11 feet wide, and the highway is lighted by overhead lights. Exhibits depicting the scene were introduced in evidence.

Prior to the accident, plaintiff, who was accompanied by his wife, stopped his automobile at a gasoline service station near the middle of the block on the east side of the highway. After obtaining gasoline he was unable to start his automobile because the battery was low. The service station did not have a jumper cable, and plaintiff walked across the highway to obtain one at the Gulf station on the west side of the highway; but the attendant could not help him. He then proceeded to return to the east side of the highway in the middle of the block.

Before crossing, plaintiff looked to his left and observed no traffic approaching from the north for two or three blocks. He walked in his normal gait from the curb and did not look again to his left. When he was about to step on the median strip, he was struck by the left front of defendant's truck.

Mrs. Brockwell remained in the stalled automobile while her husband searched for a jumper cable. She said that she observed her husband begin to recross the highway; that she did not see any traffic heading south; that she saw a maroon truck at the Gulf station, without any headlights burning, about to enter the highway; and that she noticed this maroon truck at the scene when her husband was thrown into the air upon the impact.

Defendant testified that he was driving his red and white 1965 Ford truck in a southerly direction in the lane next to the median

strip at a speed of 35 to 40 miles per hour. He did not see the plaintiff until the impact. He said that he had traveled approximately one mile on the highway before the accident and that the headlights on his truck were burning and his windshield wipers were operating. Subsequent to impact defendant stopped his truck and returned to plaintiff, who was lying unconscious on the median strip.

Gerald David Schutt, defendant's son, was a passenger in his father's truck. He testified that the truck's headlights were burning because the dashboard "was lit up" and that they had not stopped since leaving their home except for traffic lights.

■ Counsel for defendant concedes that defendant was negligent, but he contends that plaintiff was contributorily negligent as a matter of law in crossing between intersections and in failing "to look again to his left" while crossing the highway.

Defendant says that plaintiff's crossing between intersections violated Virginia Code § 46.1-230(a), which provides:

"When crossing highways or streets, pedestrians shall not carelessly or maliciously interfere with the orderly passage of vehicles. They shall cross wherever possible only at intersections, *but where intersections of streets contain no marked crosswalks pedestrians shall not be guilty of negligence as a matter of law for failure to cross at said intersection.* They shall cross only at right angles." (Italics supplied.)

We do not agree with defendant's contention. The photographs introduced as exhibits show that there were no marked crosswalks for pedestrians. Thus plaintiff's act of crossing between intersections did not violate the statute and constitute negligence as a matter of law.

Nor do we agree with defendant's contention that plaintiff was contributorily negligent as a matter of law in not looking "again to his left" after starting across the highway.

It is true that a pedestrian who undertakes to cross a street or highway between intersections is required to exercise a greater degree of vigilance than is required when crossing at an intersection. *Manhattan, Etc., Corp.* v. *Williams*, 191 Va. 489, 492, 62 S.E.2d 10, 12 (1950); *Hopson* v. *Goolsby*, 196 Va. 832, 838, 86 S.E.2d 149, 152-53 (1955). But the test to be applied in determining whether a pedestrian has exercised that greater degree of vigilance required of him

for his own safety is whether he exercised such vigilance and care as an ordinarily prudent person would have exercised under the existing circumstances. *Hooker* v. *Hancock,* 188 Va. 345, 356, 49 S.E.2d 711, 716 (1948).

Negligence, contributory negligence and proximate cause are ordinarily questions for the jury to determine. It is only when reasonable men should not differ as to the reasonable inferences and proper conclusions to be drawn from the evidence that they become questions of law to be decided by the court. *Conrad* v. *Thompson,* 195 Va. 714, 717, 80 S.E.2d 561, 564 (1954).

In the case at bar the evidence was conflicting on the crucial question whether the headlights on defendant's truck were burning. Whether plaintiff exercised that greater degree of vigilance required of him in crossing the highway presented a factual question for the jury, particularly because there was evidence that the headlights on the truck were not burning. Reasonable men could differ as to the inferences and conclusions to be drawn from the evidence.

■ Defendant, by counsel, says that the trial court erred in refusing to grant Instruction K, which would have told the jury, among other things, that a motorist has a superior right-of-way over pedestrians between intersections. He relies on *Tolston* v. *Reeves,* 200 Va. 179, 182, 104 S.E.2d 754, 756-57 (1958); *Spiegelman* v. *Birch, Adm'r,* 204 Va. 96, 100, 129 S.E.2d 119, 122 (1963); *Shelton* v. *Mullins,* 207 Va. 17, 20-21, 147 S.E.2d 754, 757 (1966); *Moore* v. *Scott,* 160 Va. 610, 617-18, 169 S.E. 902, 905 (1933).

In *Tolston* we noted that the error in an instruction complained of was not cured by another instruction which told the jury that "a pedestrian crossing . . . at [an intersection] has the right of way, elsewhere a vehicle has the right of way." Since we referred to the right-of-way instruction only in connection with the objectionable instruction and were not specifically dealing with the rights of motorists between intersections, any indication from what was said that we approved the right-of-way instruction was dictum.

Three years after *Tolston* we said, in *Brown* v. *Arthur,* 202 Va. 624, 627-29, 119 S.E.2d 315, 318-19 (1961), that an instruction which told the jury "that vehicles have the right of way [over pedestrians] except at intersecting streets" was erroneous. But since no objection was taken to the language used in the court below it would not be noticed by us on appeal.

We further said in *Brown*:

"As we have several times pointed out, a motorist or pedestrian, in traveling along a portion of a highway prescribed for the use of each of them, has no right of way over the other except as provided by statute. In the absence of such a statutory provision, the rights of motorists and pedestrians are equal and their duties are mutual and reciprocal. *South Hill Motor Co. v. Gordon*, 172 Va. 193, 203, 200 S.E. 637, 642; *Rhoades v. Meadows*, 189 Va. 558, 562, 54 S.E.2d 123, 124; *Conrad v. Thompson*, 195 Va. 714, 719, 80 S.E.2d 561, 565. While each must exercise reasonable care, if a pedestrian is crossing between intersections reasonable care requires that he exercise a greater degree of vigilance than if crossing at the intersection. *Tolston v. Reeves* [supra] . . . and cases there cited." 202 Va. at 629, 119 S.E.2d at 318-19.

However in *Spiegelman*, decided two years after *Brown*, we cited *Tolston* as authority for the proposition that a pedestrian crossing at an intersection has the right-of-way, and between intersections the vehicle has the right-of-way. But since the statement in *Tolston* was dictum, we also regard the statement in *Spiegelman* as dictum.

In *Shelton* no objection was taken to that part of the language in the instruction stating that a motorist has a superior right-of-way over a pedestrian between intersections. The objection to the instruction was taken only on the ground that the motorist had "no right to assume that the child will cross the street only at an intersection." Thus the question of the right-of-way between intersections was not an issue in that case.

It is true that we have said in some of our earlier cases that since the statute provided that a pedestrian shall cross a street or highway wherever possible only at intersections and was given the right-of-way over vehicles at that location, it in effect gave a motorist the superior right over pedestrians between intersections. *Virginia Electric & Power Co. v. Blunt's Adm'r*, 158 Va. 421, 435, 163 S.E. 329, 333 (1932); *Moore v. Scott, supra*, 160 Va. at 617-18, 169 S.E. at 905. But, as we have said many times, language used in an opinion is not always appropriate in an instruction.

We reaffirm what we have said in *Brown, supra*, that a motorist or pedestrian has no right-of-way over the other except as provided by statute.

Since there was no State statute or ordinance of the City of Richmond expressly giving motorists a superior right-of-way over pedes-

trians crossing streets and highways between intersections, it was not error to refuse Instruction K.

■ Defendant, by counsel, also contends that it was error to grant Instruction 2, which told the jury that it was the defendant's statutory duty to have certain lighting equipment on his truck and that if they found that the headlights of the truck were not burning at the time of the accident, the defendant was guilty of negligence.

The objection to the instruction was made on the grounds that it was not supported by the evidence and that the testimony of Mrs. Brockwell was incredible. Defendant argues that the truck could not have gotten up enough speed traveling from the Gulf station to the point of impact to hurl the plaintiff, who weighed 325 pounds, into the air, and that Mrs. Brockwell's testimony should not be accepted in the light of the testimony of the defendant and his son that the headlights were on. We do not agree. There was evidence that the headlights on the truck were not burning, and the credibility of Mrs. Brockwell's testimony presented a factual question for the jury to determine.

For the reasons stated, the judgment of the court below is

*Affirmed.*