**Edward F. CICINATO, D.D.S., Appellant,**

v.

**Martha L. McPHEETERS, Appellee.**

**No. 75–2105.**

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1976.

Decided Sept. 22, 1976.

Bernard S. Cohen, Alexandria, Va. (Cohen & Vitt, Alexandria, Va., on brief), for appellant.

Paul F. Sheridan, Arlington, Va. (Siciliano, Ellis, Sheridan & Dyer, Arlington, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, CRAVEN, Circuit Judge, and HADEN, District Judge.*

HADEN, District Judge:

This is an appeal from a final order sustaining a judgment entered upon a jury verdict in favor of McPheeters, the driver, and against Dr. Cicinato, the pedestrian. Cicinato claimed compensatory damages for personal injuries sustained in an automobile-pedestrian accident occurring on a lane used by the public within the environs of a privately-owned shopping center.

* United States District Judge for the Northern and Southern Districts of West Virginia sitting by Designation.

The appellant attacks the judgment on two grounds: (1) that the court erred in failing to instruct the jury that Cicinato had no duty to look for traffic coming from his left after he was across the middle of a shopping center road within a lane for traffic coming from the right; and (2) that the court erred in failing to find as a matter of law that Cicinato was free of contributory negligence.

■ Appellant's first contention is untimely and unsupported. He did not submit an instruction which would have allowed the jury to consider the scope of a pedestrian's legal duty of "lookout" upon arriving at the center of a traffic lane.[1]

*Rule* 51 of the Federal Rules of Civil Procedure provides, *inter alia:* "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, . . . ." Consistent with the directions contained in *Rule* 51 is *North River Insurance Company v. Davis,* 274 F.Supp. 146 (W.D.Va.1967), *aff'd,* 392 F.2d 571 (4th Cir. 1968). That decision speaks to the failure to proffer an instruction which counsel later believed was applicable to the evidence. The court there held that:

"[w]hile it is the duty of the court to instruct the jury as to the law of the case, this duty does not extend to all instructions imaginable and it is the duty of counsel for the defendant wishing to bring a certain point of law to the jury's attention to propose an instruction on that point." *Id.* at p. 153.

■ Nor can the appellant support his appeal on the argument that the failure to give the "lookout" instruction made the charge so deficient as to constitute plain error. Generally, the trial judge instructed the jury that both the driver and the pedestrian had a duty to exercise reasonable care and thus, to maintain a proper lookout. Although a more precisely delineated charge could have been given, on the whole it fairly and adequately instructed the jury on factual contentions, which though conflicting, were relatively simple to understand. In our view, no prejudice occurred.

■ There is no mandatory duty placed upon a trial court by *Rule* 51, F.R.C.P. to charge the jury in a civil action upon a point of law not proffered by instructions, unless the failure to so instruct makes the charge so deficient as to constitute plain error.

■ Appellant's second contention is also without merit. Whether contributory negligence is an element of the case is a question typically for the jury. *Schutt v. Brockwell,* 214 Va. 38, 41, 196 S.E.2d 921, 924 (1974). It is only where the evidence demonstrates that reasonable minds could come to but one conclusion that a court may withdraw the issue from the jury's consideration. See *Harner v. John McShain, Inc. of Maryland,* 394 F.2d 480 (4th Cir. 1968); *Swindall v. Fuller,* 200 Va. 581, 106 S.E.2d 608 (1959). Different inferences properly could have been drawn from the testimony as to whether the appellant failed in his duty to observe a reasonable "lookout." Thus, the issue of contributory negligence was a proper one for the jury.

AFFIRMED.

---

1. Counsel for the appellant discovered the case of *Thornton v. Downes,* 177 Va. 451, 14 S.E.2d 345 (1951) after the completion of the trial. It contains the following:

"When a pedestrian, in a city or town, steps from the sidewalk into the street at an intersection, the law imposes upon him the legal duty of ascertaining if any vehicular traffic is approaching from the left. If the way be clear, he has the right to proceed to the comparative zone of safety which is the center of the street. Upon his arrival at the center of the street, he is under the legal duty of looking to his right for approaching vehicles . . . ." *Id.* at p. 348 of the South Eastern Reporter.

Although this proposition arguably applies to auto-pedestrian accidents occurring on private property, [see *Parker v. Debose,* 206 Va. 220, 142 S.E.2d 510 (1965)] it is not a rule of law which mandates an instruction to a jury. See the holding *infra.*