## VERA VON LUBOWIECKI

### V.

## NICOLE P. DONNELL

Record No. 850339

March 4, 1988

Present: All the Justices

R. *Craig Jennings (Slenker, Brandt, Jennings & Johnston*, on brief), for appellant.

*Kenneth G. Roth (Donahue, Ehrmantraut & Montedonico*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole question in this appeal is whether the trial court erred in ruling that the plaintiff, Vera Von Lubowiecki (Lubowiecki), was guilty of contributory negligence as a matter of law.

Lubowiecki sued Donnell to recover damages for personal injuries she sustained when she was struck by an automobile operated by Donnell as Lubowiecki was walking across a street. The case was tried to a jury, and at the conclusion of Lubowiecki's evidence, Donnell made a motion to strike. The trial court sustained the motion and entered summary judgment for Donnell, ruling that Lubowiecki "was contributorially negligent as a matter of law, and that her contributory negligence was the proximate cause of the accident." Lubowiecki appeals.

Under settled principles of appellate review, we must state the evidence in the light most favorable to Lubowiecki. The accident occurred on April 6, 1983, about 6:00 p.m., on Key Boulevard in Arlington County. Key Boulevard is approximately 46 feet wide and runs in an east-west direction. It has a single lane for vehicles travelling in each direction, with space for parking on each side of the street. The street is divided in the center by a double yellow line. The accident occurred in a residential area where the speed limit is 25 miles per hour.

Lubowiecki was crossing from the north side to the south side of Key Boulevard between intersections when she was struck by Donnell's automobile. At the intersection of Quinn Street and Key Boulevard, which is approximately 456 feet west of the accident site, there is a marked pedestrian crosswalk. Ode Street, which intersects Key Boulevard approximately 175 feet east of the accident scene, has no crosswalk for pedestrians.

Two disinterested eye witnesses, Graham Langston and Susan McGinn, testified for Lubowiecki. Langston witnessed the incident while standing near the south side of Key Boulevard a short distance east of the accident. McGinn observed the accident as she was driving her automobile west on Key Boulevard.

Langston first observed Lubowiecki walking on the sidewalk along the north side of Key Boulevard. He related that she looked first to the east (her left) as she started across the westbound lane. Langston said he saw no vehicles approaching from the east at that time. Lubowiecki continued walking, and when she was 10 or 12 feet into the westbound lane, she looked to the west (her right). Langston saw no vehicles approaching from the west at that time. Langston stated that when Lubowiecki was near the center line, but still slightly in the westbound lane, he saw Donnell's automobile, which was travelling east, "come out of nowhere" and strike Lubowiecki.

Langston testified that Donnell's automobile "didn't slow down at all" until Lubowiecki had been struck and that the car travelled 70 to 100 feet before coming to a stop after the impact. He estimated Donnell's speed to be "30, 40 miles an hour, maybe faster." While the injured Lubowiecki lay in the street at the scene, Langston heard Donnell exclaim: "Oh my God, oh my God, what has happened here. I didn't even see that girl."

McGinn was travelling in the westbound lane of Key Boulevard and was slightly east of the Ode Street intersection when she first saw Lubowiecki. At that time, the plaintiff was in the westbound lane "a couple of feet [from] the yellow line," and she was "walking straight" across the street. McGinn had no difficulty seeing the plaintiff.

McGinn first observed Donnell's automobile in the eastbound lane "a couple of seconds before" Lubowiecki was struck. When she was struck, Lubowiecki was at, or near, the center line. McGinn estimated Donnell's speed at 30 to 35 miles per hour. At the scene, McGinn heard Donnell say, "Oh my God, I didn't see her. I just didn't see her. What have I done? I just didn't see her."

Lubowiecki testified that she "looked to [her] left and then . . . to [her] right" before she started to cross Key Boulevard. At that time, she saw no vehicles approaching from either direction. As she entered the street, she "looked again to [her] left and to [her] right." Because she "was sure that [she] was safe to cross the street," she proceeded across. When she last looked to the west (her right), she saw no approaching vehicles. Walking in a "normal manner," she then took "[t]wo or three strides" before she was struck by Donnell's vehicle, which she never saw. West of the accident site is a hillcrest that could have obscured Lubowiecki's

view of approaching vehicles. Lubowiecki estimated that her visibility in that direction was from 152 to 300 feet.

The investigating police officer testified about a statement that Donnell made to him. Donnell told the officer that she was travelling in the eastbound lane of Key Boulevard. As she was "cresting the hill on Key Boulevard . . . she had glanced over at [her] child in the right front seat," and that "[d]uring [the] time she had her eyes from the road, she had struck a pedestrian crossing the street."

■ Ordinarily, contributory negligence and proximate cause are decided by a fact finder. A court decides these issues only when reasonable minds could not differ. *Litchford* v. *Hancock*, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987). "When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff and resolve any reasonable doubt as to its sufficiency in his favor." *Meeks* v. *Hodges*, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983).

■ A pedestrian who undertakes to cross a street between intersections is required to exercise a greater degree of vigilance than is required when crossing at an intersection. *Schutt* v. *Brockwell*, 214 Va. 38, 40, 196 S.E.2d 921, 924 (1973). In determining whether a pedestrian has met this standard, the test is whether he exercised such vigilance as a reasonably prudent person would have exercised under the circumstances. *Id.* at 40-41, 196 S.E.2d at 924.

Before Lubowiecki started to cross the street, she looked in both directions and saw no approaching vehicles. As she began walking, she again looked both to the east and to the west and saw no vehicles in sight. After her last look to the west, she took two or three "strides" and was struck by Donnell's car at, or near, the center line.

Donnell, from the time she crested the hill to the point of impact, was looking at her child on the seat beside her. She never saw Lubowiecki, although she could have seen her had she been looking. All the while, Donnell drove her automobile at a speed of approximately 40 miles per hour in a 25 mile-per-hour zone. At a speed of 40 miles per hour, a vehicle travels 58.7 feet per second. Code § 46.1-195.

■ Under these circumstances, we believe reasonable minds could differ as to whether Lubowiecki was guilty of contributory

negligence and as to the proximate cause of the accident. Therefore, we conclude that the trial court erred in striking Lubowiecki's evidence.

Accordingly, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*