862 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Scott Neil KRZYWDA, Plaintiff-Appellant,
v.
The HERTZ CORPORATION, Kazuaki Perkins, Defendants-Appellees,
 No. 88-3952.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1988.
Decided Nov. 2, 1988.
 
 Mark Westerfield (Edward L. Norwind, Paulson, Nace & Norwind on brief) for appellant.
 Michael James Garnier (Jean-Pierre Garnier, P.C. on brief) for appellees.
 Before DONALD RUSSELL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff in this action sued the defendants Sergeant Perkins and the Hertz Corporation for injuries sustained by him when a car driven by Sergeant Perkins struck him. The defendant Hertz was sued on the theory of respondeat superior. Federal jurisdiction was based on diversity of citizenship.
 
 
 2
 At the close of the plaintiff's case, the district judge granted defendants' motion for a directed verdict. He ruled that plaintiff's recovery was barred as a matter of law because he was contributorily negligent. Further, he held that under the facts presented in this case, the doctrine of last clear chance was inapplicable.
 
 
 3
 Plaintiff now appeals the district judge's decision on two grounds, asserting: (1) that the district court erred in directing a verdict in favor of the defendants upon a finding that the plaintiff was contributorily negligent as a matter of law; and alternatively (2) that the district court erred in refusing to consider the doctrine of last clear chance in determining that the plaintiff's conduct was a proximate cause of the accident as a matter of law. We affirm.
 
 I.
 
 4
 Just after midnight on August 7, 1985 plaintiff was struck by a car driven by defendant Perkins and owned by defendant Hertz. The incident occurred on Jefferson Davis Highway (Route 1) in the Crystal City area of Arlington, Virginia. There were no eyewitnesses to the incident other than the parties to this action.[1] The weather was clear.
 
 
 5
 At the time of impact, plaintiff was crossing the street. At trial he stated that prior to crossing he looked in both directions, saw no oncoming traffic, and proceeded. At that point he was hit and "felt unconscious." Plaintiff had an unobstructed view of up to 500 feet to his right, the direction from which the car driven by defendant Perkins was traveling. No evidence was offered to suggest that defendant Perkins' lights were not on. Plaintiff was not in a designated pedestrian crosswalk when struck.
 
 
 6
 At trial, plaintiff offered an accident reconstruction expert who testified as to the various distances Perkins might have been from plaintiff when the latter stepped from the curb, depending on the speed of the car. It is clear from this testimony that the defendant Perkins had no more than two seconds, and probably less, to observe, react and avoid the pedestrian plaintiff.
 
 
 7
 The only evidence offered by plaintiff as to the speed of the vehicle in question was the defendant Perkins' deposition testimony. He did not know his precise speed, but at the time of the accident defendant Perkins asserts he was driving within the speed limit.
 
 
 8
 The defendant Perkins testified (via the in-court reading of his deposition) that he did not see the pedestrian until he was about six or seven feet away.
 
 
 9
 Based on this testimony, the district judge directed a verdict in favor of defendants on the ground that plaintiff was contributorily negligent as a matter of law and that the last clear chance doctrine was inapplicable.
 
 II.
 
 10
 Under Virginia law, contributory negligence and proximate cause are issues ordinarily decided by the jury. A court decides such issues only when reasonable minds could not differ. Litchford v. Hancock, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987). In certain cases a directed verdict is appropriate. When ruling on a motion for a directed verdict, the trial court "must view the evidence, and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff, and resolve any reasonable doubt to its sufficiency in his favor." Meeks v. Hodges, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983). However, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defend a directed verdict motion]; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986). See also Felty v. Graves Humphrey Co., 818 F.2d 1125 (4th Cir.1987).
 
 
 11
 A pedestrian may cross a street between intersections, as plaintiff in this case did. However, in doing so, he is required by law to exercise a greater degree of vigilance than is required when crossing at an intersection. Lubowecki v. Dornell, 235 Va. 131, 366 S.E.2d 90 (1988). Plaintiff stated at trial that he looked both ways before attempting to cross the street and that his line of sight in the direction from which defendant Perkins approached was up to 500 feet. If a pedestrian looks for approaching traffic, he is presumed in law to have seen what he both saw and should have seen had his observation been careful and attentive. Failure to see oncoming traffic, absent some circumstance or condition to excuse him, constitutes negligence as a matter of law. At the close of plaintiff's case, the district judge stated "[t]here is absolutely no reason except negligence for him not to have seen what was absolutely there to be seen. So he (the plaintiff) is guilty of contributory negligence as a matter of law." This conclusion is well supported by the offered evidence.
 
 III.
 
 12
 The last clear chance doctrine allows a negligent plaintiff to recover only if in fact such negligence was not a proximate cause, but only a remote cause of the accident, and the negligence of the defendant was the sole proximate cause. In Virgina, a plaintiff who has negligently placed himself in a situation of peril from which he is physically able to remove himself, but is unconscious of his peril, is presumed to be negligent. The defendant is liable then, only if he saw the plaintiff and realized, or ought to have realized, his peril in time to avert the accident by using reasonable care. Greer v. Noland Company, 197 Va. 223, 89 S.E.2d 49 (1955).[2] Further, negligence of the parties cannot be compared. Contributory negligence is a bar to recovery unless the last clear chance doctrine requires a different result. Washington v. Schuyler, 433 F.2d 362 (4th Cir.1970); Litchford v. Hancock, supra. In this case the last clear chance doctrine does not.
 
 
 13
 The facts of the case clearly indicate that the plaintiff was inattentive, not incapacitated or helpless; that he placed himself in a position of danger from which he physically was able to remove himself but was unconscious of his peril. The district judge was correct in his ruling that "in order to recover under [the last clear chance doctrine] the plaintiff must show that the defendant actually saw him and failed to take the reasonably prudent action to avoid the collision provided he had time." There is no such showing.
 
 CONCLUSION
 
 14
 Summary judgment was correct in this case. Plaintiff did not present a genuine issue for trial with respect to contributory negligence or the last clear chance doctrine. We accordingly affirm.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 In his brief, appellant asserts that there was an independent eyewitness to this incident, a Mr. Diggs. In fact, Mr. Diggs arrived on the scene soon after the accident occurred and was not a witness to the events leading up to the accident or to the impact itself
 
 
 [2]
 If the plaintiff negligently places himself in a situation of peril from which he is physically unable to remove himself, then the defendant is liable if he saw, or should have seen, him in time to avert the accident by using reasonable care. Greer at 53