Emma **HUMPHREY** and Robert L.
Humphrey, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

No. 5:87–0212.

United States District Court,
S.D. West Virginia,
Beckley.

Dec. 9, 1988.

On Motion to Alter or Amend
Jan. 24, 1989.

D. Grove Moler, Mullens, W. Va., for
plaintiffs.

Stephen Horn, Asst. U.S. Atty., Charleston, W.Va., for defendant.

## ORDER

HALLANAN, District Judge.

On the 26th and 27th days of October, 1988, came the parties, in person and by their respective counsel, for the purpose of a trial to the Court of the issues joined in this action in which the Plaintiffs allege they were injured as a result of the Defendant's alleged negligent maintenance of a runner in the lobby of the Veterans Administration Hospital, Beckley, West Virginia.

After hearing all the evidence adduced at the bench trial, hearing the arguments of counsel and reviewing the documentary evidence submitted by both parties, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The Plaintiffs, Emma and Robert Humphrey, are husband and wife and reside in Wyoming County, West Virginia. The cause of action arose in Beckley, Raleigh County, West Virginia.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346.

3. Venue is proper under 28 U.S.C. § 1391.

4. The Plaintiffs served in the military during World War II.

5. The Defendant maintains and operates the Veterans Administration Hospital in Beckley, West Virginia (hereinafter "VA").

6. On March 20, 1984, the Plaintiff Emma Humphrey fell in the lobby of the VA. She was at the VA to receive speech therapy for a stroke she suffered in November 1983.

7. No one saw the Plaintiff Emma Humphrey fall, but a nurse found her lying across the runner in the lobby of the VA sometime after her husband left her in the lobby to retrieve their car, and before his return. The Plaintiff Robert Humphrey testified that upon his return he found his wife lying on her right side on the runner with her head toward the front door.

8. The sides of the runner were not secured to the floor by tape but were loose. Such condition was not an open and obvious danger.

9. The Plaintiff Emma Humphrey caught her foot on the loose edge of the runner when rising to walk toward her husband and fell, suffering a fractured right hip joint which required surgery and a replacement joint.

10. Emma Humphrey told her husband, her daughter and a home care person that she "hung" her foot on the runner in the VA lobby.

11. The Plaintiff Emma Humphrey recovered from the pain of the fractured hip within two weeks, as testified to by Dr. Carter, Emma Humphrey's treating orthopedic surgeon.

12. The Plaintiffs presented no medical evidence that pain experienced by Emma Humphrey subsequent to her fall and two week recovery was related to the fall in the VA.

13. The Plaintiffs presented no evidence of any medical bills incurred by the Plaintiffs as a result of the fall.

14. As a result of the fall the Plaintiff Robert Humphrey suffered loss of consortium and expenses in the amount of $5,500.00 for home care for his wife and $51.86 for lumber for a ramp into the Humphrey house.

## CONCLUSIONS OF LAW

1. The rule that a finder of fact should not be allowed to draw any inference from circumstantial evidence, if one item of evidence is as probable as the other, has been abandoned, and the resolution of conflicting inferences from circumstantial evidence is for the finder of fact. *Ford Motor Co. v. McDavid*, 259 F.2d 261 (4th Cir.1958).

2. Where different inferences may be drawn from disputed facts and a verdict involves speculation and conjecture, an appellate court cannot overturn the verdict where there are probative facts and a reasonable basis in the record to support the verdict. *Lavender v. Kurn*, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946).

3. The statements of Emma Humphrey to Robert Humphrey, Bobbie Ingles and Ella Mae Johnson, that she "hung" her foot, which caused her to fall in the VA lobby, while hearsay, are admissible under Fed.R.Evid. 804(a)(5).

4. Based upon these statements, the position of Emma Humphrey immediately after her fall and testimony as to Emma Humphrey's ability to walk, it is reasonable and probable that Emma Humphrey caught her foot in the runner and fell as a result. *Lavender v. Kurn, supra.*

5. The VA knew, or should have known, that an improperly secured runner could result in injury to a patient. A finder of fact has been given more latitude in

determining the reasonable safety of premises used by infirm individuals. 40 Am. Jur.2d Hospitals and Asylums § 31 (1968).

6. Although an invitee has a duty to discover open and obvious dangers, *Harner v. John McShain, Inc.*, 394 F.2d 480 (4th Cir.1968), the condition of the runner was not open and obvious such that the Plaintiff Emma Humphrey should have noticed such condition in the exercise of due care.

7. The Plaintiff Emma Humphrey was negligent in attempting to walk without assistance to meet her husband after having been instructed by doctors not to walk without assistance. Such negligence equals 33⅓%.

8. Accordingly, it is hereby ORDERED and ADJUDGED that the Defendant is liable to the Plaintiffs for the following amounts, which amounts will be reduced by 33⅓% for the comparative negligence of the Plaintiff Emma Humphrey:

| | | |
|---|---|---|
| Emma Humphrey, pain and suffering: | $2,500.00 | |
| Robert Humphrey, home care costs: | 5,550.00 | |
| lumber | 51.86 | |
| loss of consortium | 500.00 | |
| TOTAL | | $8,601.86 |
| 33⅓% reduction: | | $2,864.42 |
| Final Award: | | $5,737.44 |

9. Each party shall bear their own litigation costs and expenses.

IT IS SO ORDERED.

## ON MOTION TO ALTER OR AMEND

This matter is before the Court via the Plaintiffs' motion to amend finding of fact: to make new finding of fact: and award judgment in accordance therewith, via the Plaintiffs' motion to alter or amend judgment and via the Plaintiffs' motion for a new trial. After careful consideration the Court is prepared to issue its rulings as to these motions.

The Plaintiffs' motion to amend finding of fact asks the Court to delete paragraphs 11 and 12 of its Order entered December 9, 1988, to the effect that the Plaintiff Emma Humphrey did not recover from the pain of her fractured hip within two weeks, and

that the Plaintiffs did present medical evidence of pain experienced by Emma Humphrey subsequent to her fall and two week recovery. In this motion the Plaintiffs have not raised anything not already considered by the Court. The Court acknowledges the existence of some entries (Dr. Whang's records 9/4/84 and 9/13/84) in the medical records of Emma Humphrey indicating that she experienced pain in her hip after the two week period discussed in the Court's Order of December 9, 1988, but the Plaintiffs did not present any evidence during the trial of this matter connecting that pain with the fall on March 20, 1984, and, therefore, the Court cannot conclude that some intervening event did not cause that pain. The Court relied on the only evidence at trial which was specific and clear, that of Dr. Carter. The Plaintiffs' counsel had the opportunity during the testimony of Dr. Carter to refer Dr. Carter to those portions of the medical records aforementioned, but did not do so. Accordingly, for these reasons, the Plaintiffs' motion to amend finding of fact is hereby ORDERED DENIED.

The Plaintiffs' motion to alter or amend judgment asks the Court to amend its judgment so as to remove the comparative negligence attributed to the Plaintiff Emma Humphrey. As a ground therefor the Plaintiffs state that Emma Humphrey fractured her hip or thigh in a twist after she had arisen from her chair, a situation that did not permit anyone's preventing the injury, and did not receive the injury from a fall. The Court is not convinced that no one could have aided Emma Humphrey so as to have prevented the twist that the Plaintiffs have alleged caused her injury. In any event, the Court questions the Plaintiffs' argument that a twist caused the fracture. If the Plaintiffs now seek to base their claim on the "undisputed testimony" that a twist caused the fracture, the Court perceives no possible way that the Veterans Administration Hospital could be held liable for negligence. Accordingly, the Plaintiffs' motion to alter or amend judgment is hereby ORDERED DENIED.

The Plaintiffs' motion for a new trial contains essentially the same grounds as their motion to amend finding of fact. The Court incorporates its discussion pertaining to the motion to amend finding of fact here for purposes of the motion for a new trial and, accordingly, hereby ORDERS the motion for a new trial DENIED.

IT IS SO ORDERED.