## CIRCUIT COURT OF HENRICO COUNTY

Pauline Howard

v.

Barbara B. Stovall

August 11, 1989

Case No. 88L97

By JUDGE JOSEPH F. SPINELLA

This motion for judgment was tried before a jury on March 7, 1989. The Court took under advisement the defendant's motion to strike the evidence at the conclusion of all of the evidence on the ground that the plaintiff was contributorily negligent as a matter of law. The case went to the jury and the jury returned a verdict in favor of the plaintiff in the sum of $60,000.00. The defendant moved to set the verdict aside on the grounds that the defendant was contributorily negligent as a matter of law and upon the further ground that the verdict was excessive. Thereafter, briefs were filed by both parties and arguments on the motions were heard in open court on April 21, 1989. The Court continued these matters under advisement and now renders its decision.

The first issue is whether or not the plaintiff was guilty of contributory negligence as a matter of law. Counsel for the defendant bases his argument upon the evidence of the plaintiff when she basically testified that she looked up and down the street perhaps fifteen times before crossing and that she stopped at the center line and looked again before proceeding and that she never saw the plaintiff's vehicle before being hit. Normally the contributory negligence of the plaintiff is a question of fact which is to be submitted to the jury.

In the case of *Danner v. Cunningham*, 194 Va. 142, 72 S.E.2d 354 (1952), it was held that:

It is a question of fact for the jury to determine as to whether or not pedestrian exercised reasonable care for his own safety as he attempted to cross street at intersection.

In the case of *Clark v. Tatum*, 284 F.2d 125 (4th Cir. 1960), the Court found that:

Plaintiff, who was crossing the street at a proper place, and who had the right-of-way over defendant's vehicle, was not guilty of contributory negligence as a matter of law in failing to keep a constant lookout for approaching vehicles from his left. Such a question is almost invariably one for the trier of facts.

In this case the question of contributory negligence was submitted to the jury and the jury returned a verdict for the plaintiff thereby finding that the plaintiff was not guilty of contributory negligence. In order for the Court to set the verdict aside or grant the motion to strike the evidence of the plaintiff on the grounds that the plaintiff was contributorily negligent, the Court must find that reasonable men could not differ as to the inferences and conclusions to be drawn from the evidence.

It is therefore incumbent upon the Court to consider the testimony of the plaintiff and other evidence in the case in order to determine if reasonable men could not differ as to the inferences and conclusions to be drawn from the evidence.

A copy of the transcript is not in the file and the Court relies on the briefs filed by respective counsel for any page references to the transcript.

There is no question that the plaintiff and her grandson were crossing the street in front of her home, 625 South Holly Avenue. Her testimony was unequivocal that before attempting to cross the street she looked in both directions. She stated that she looked "both ways several times, lots and lots of times" (TR p. 5, 52, 53, 87, 89, 90). She said she looked between fifteen

and twenty times before she attempted to cross. (TR 87, 89). She went on to state unequivocally that she crossed to the double yellow lines which divides the roadway, where she stopped and again looked in both directions several times and as she began to cross the remainder of the street she was struck by defendant's car.

The street in question is straight and visibility was clear for two blocks in the direction from which the defendant was coming. (TR p. 93, 106). The vehicle of the defendant had been traveling in the same direction and same lane of travel for more than one block before the accident. (TR p. 11, 12)

No one was able to testify to any obstruction, or conditions which would block the view of the plaintiff as she looked to her right before crossing the street or at the center line of the street.

The Court is of the opinion that reasonable men could not differ in finding from the evidence and inferences to be drawn therefrom, that the plaintiff looked to her right on more than one occasion before crossing the street and again looked to her right when she reached the double yellow lines, and she never saw the defendant's vehicle, although the defendant's vehicle had to be in sight and moving toward her direction for some distance.

In the case of *Hopson v. Goolsby*, 196 Va. 832 (1955), the Court held:

> The pedestrian must use reasonable care to look when he steps into the street and as he continues across . . .
>
> The duty of looking is based on the wisdom of seeing whether traffic is approaching, where and at what speed. If looking discloses approaching traffic, then the right to proceed is to be tested be whether a person of ordinary prudence would attempt it . . . . But if a person having a duty to look carelessly undertakes to cross without looking, or if looking, fails to see or heed traffic that is obvious and in dangerous proximity and continues into its path, he is guilty of negligence as a matter of law.

The Court in *Hooker v. Hancock* 188 Va. 345 (1948), cites with approval from Huddy's Encyclopedia of Automobile Law, sec. 99, 156, as follows:

> If a pedestrian looks for approaching automobiles before attempting to cross a street or highway, he is presumed in law to have seen what he should have seen had his observation been careful and attentive. He cannot justify himself by saying that he looked and did not see the approaching car that injured him, where, if he had looked, he must have seen the car. Unless there is some circumstance or condition to excuse him, his failure to see the car constitutes negligence as a matter of law . . .

In the case before the Court there is nothing in the evidence which would excuse the plaintiff from failing to see the defendant's vehicle which had to be continuously approaching her within her unobstructed line of vision as she looked to her right several times before leaving the curb and again when she stopped at the double yellow line.

The Court distinguishes this case from *Lubowiecki v. Donnell*, 235 Va. 131 (1988), on the basis that in that case the defendant was speeding and came over a hillcrest before hitting the plaintiff. The plaintiff's visibility was restricted to 152 to 300 feet and under these circumstances or conditions, reasonable minds could differ as to the contributory negligence of the plaintiff and therefore, is an issue to be decided by the jury.

Accordingly, the Court holds that the plaintiff was guilty of contributory negligence as a matter of law and the verdict of the jury is set aside and judgment is to be entered for the defendant. In view of the Court's decision it is not necessary for the Court to rule upon the question of excessiveness of the verdict.