## Allen A. Izadpanah, et al.

### v.

## The Boeing Joint Venture, et al.

Record No. 901568

January 10, 1992

Present: All the Justices

*Raymond B. Benzinger (Walter T. Charlton*, on briefs), for appellants.
*James S. Kurz (Kurz, Koch & Doland*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

This litigation began when a creditor of Aidant, Incorporated, a vendor of used computers, sued to recover on a promissory note, naming Aidant and the personal guarantors, Allen A. Izadpanah and Charles F. Crowe, the corporate president and vice-president of Aidant, respectively, as defendants. Izadpanah denied liability and asserted multiple claims against Crowe and other third-party defendants in 19 separate counts. Seven counts were dismissed on the third-party defendants' motion for summary judgment. The original creditor took a non-suit prior to trial and Izadpanah's remaining counts against the third-party defendants were tried in an eight-day bench trial. At the hearing, Izadpanah called 14 witnesses, including all individual third-party defendants, who testified as adverse witnesses. At the close of Izadpanah's evidence, the third-party defendants made a motion to strike which the trial court granted.

Izadpanah has assigned a number of errors in this appeal. However, the dispositive issue is whether the trial court properly granted the motion to strike.

In considering a motion to strike, the trial court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the plaintiff. Any reasonable doubt as to whether the plaintiff has produced sufficient evidence of the wrong alleged must be resolved in the plaintiff's favor and the motion to strike denied. *Von Lubowiecki* v. *Donnell*, 235

Va. 131, 132, 366 S.E.2d 90, 91 (1988). This well-established standard is not altered even though, as here, all but two of the third-party defendants' witnesses had testified and the trial court had "heard all of the major players to the case . . . ?"

Applying these principles, we hold that the trial court improperly granted the motion to strike in this case. Even though the testimony of Izadpanah conflicted with that of other witnesses regarding a number of Izadpanah's allegations, the trial court stated that "[e]ssentially, Mr. Izadpanah's testimony does support the allegations as they are made in the bill of complaint." Nevertheless, the trial court proceeded to weigh the evidence and entered findings of fact, contrary to the standards applicable to consideration of a motion to strike. *Higgins* v. *Bowdoin*, 238 Va. 134, 141, 380 S.E.2d 904, 908 (1989); *Williams* v. *Vaughan*, 214 Va. 307, 310, 199 S.E.2d 515, 517-18 (1973).

Furthermore, a party challenging the actions of the board of directors has the burden of proving that the challenged action was not undertaken in accordance with the directors' good faith business judgment of the best interests of the corporation. Code § 13.1-690(D). However, when a conflict of interest as defined in § 13.1-691 exists, such as Izadpanah presented here, the burden shifts to the directors to show that their actions complied with the requirements of that section. *Giannotti* v. *Hamway*, 239 Va. 14, 24, 387 S.E.2d 725, 731 (1990). Whether the defendants met their burden of proof cannot be resolved when considering a motion to strike.

Accordingly, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*